## Kimmel's Estate.

*Will—Construction—Gift to child—Remainder—Intestacy.*

1. Testator in one clause of his will provided as follows: "I direct that fifteen hundred dollars be set aside for the use and maintenance of my daughter S., and after her death and paying her funeral expenses, the remainder shall be equally divided among my bodily heirs hereafter named, my executors shall manage the fund." In the clause immediately following he directed that his two sons, naming them, and that his two other daughters "shall each share alike." *Held,* (1) that the "remainder" mentioned in the will was the remainder of the $1,500; (2) that testator died intestate as to his estate above the sum of $1,500, and (3) that S. was entitled to share equally with the other children in the portion of the estate as to which the testator died intestate.

*Estoppel—Partition—Decedents' estates—Will.*

2. Where a woman ignorant of affairs and without legal advice, and without full knowledge of the facts, signs a paper in partition proceedings at the instance of her brother, by which she loses her share of her inheritance in her father's estate, she is not estopped from subsequently intervening in the partition proceedings and having them revoked and set aside.

Argued Oct. 5, 1909. Appeals, Nos. 190 and 191, Oct. T., 1909, by Florence J. Claypool, from decrees of O. C. Armstrong Co., setting aside sale in partition in Estate of Lewis Kimmel, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition to intervene in partition proceedings, and to set aside a sale in such proceedings.

On the petition for intervention PATTON, P. J., filed the following opinion:

The foundation of this application rests upon the construction of the last will and testament of Lewis Kimmel and especially upon the second and third items thereof, which said items read as follows:

"Second I direct that fifteen hundred (1500) dollars be set aside for the use and maintenance of my daughter, Susie Sell, and after death and paying her funeral expenses the remainder shall be equally divided among my bodily heirs hereafter named, my executors shall manage the fund.

"Third: I direct that my sons, Tobias B. Kimmel and Solomon W. Kimmel and my daughters Carrie A. George and Florence J. Claypool, shall each share alike, Grace C. Kimmel, Sarah S. Kimmel and John A. Kimmel having preceded me to the spirit world."

The contention of Susie Sell, the petitioner, is that Lewis Kimmel devised only the $1,500 and his library (the latter in the fourth item of his will) and died intestate as to the balance of his real and personal estate. The claim of the contestants is that Lewis Kimmel devised his entire estate, real and personal, and (except as to the $1,500 and the library) it is to be divided among Tobias, Solomon, Carrie and Florence, share and share alike.

But few if any precedents or authorities can be found that will shed any light upon the question except those general and familiar rules laid down for the construction of all testamentary papers. The question is not what Lewis Kimmel intended to devise, but what he actually did devise. And in the paper before us the construction does not so much depend upon what was written as to what was left unwritten. We search the will in vain for any said familiar expressions as "As to such estate as it hath pleased God to intrust me with I give" and "As to my worldly estate I give" and no mention is made of either real or personal property and no disposition made of either except the $1,500 and the library.

The third item of the will says that the four devisees mentioned "shall each share alike." But in what? In the real

or personal property remaining after the $1,500 is distributed? The will does not say so, and we cannot read that into it.

In our opinion Susie Sell was the chief object of the testator's bounty, and it was she who was prominent in his mind, and it was primarily her welfare that he was seeking when he wrote the will. He first sets aside $1,500 for her use and maintenance and funeral expenses, and places the fund under the management of his executors; anticipating that there may be a balance remaining in their hands at Susie's death, he directs that this "Remainder shall be equally divided among my bodily heirs hereinafter named." In the third item of his will he then proceeds to mention who his "bodily heirs" are and how this "remainder" of the $1,500 shall be distributed. And when he writes that Tobias, Solomon, Carrie and Florence "shall each share alike" it is in the balance of the $1,500 remaining in the hands of the executors after the death of Susie that they "shall each share alike," and not the entire balance of the real and personal estate to the exclusion of Susie. Any other construction of the will would require us to exclude Susie, the favorite of the testator, from participating in his residuary estate and disinherit her without express words or necessary implication. This the law will not tolerate.

It is argued that the petitioner has estopped herself, by her acts and declarations, from coming in upon the fund.

On May 21, 1908, Solomon Kimmel presented a petition to the orphans' court setting forth that he, Tobias, Florence and Carrie were each the owner of the undivided one-fourth interest in the real estate of Lewis Kimmel, deceased, and that they and Susie Sell were all the heirs of said Lewis Kimmel. Susie Sell was named in the writ and duly served. She also accepted notice of the rule to show cause why the real estate should not be sold, asked the court for an order for a public sale and waived her right to bid on said real estate or take it at the appraisement. She further signed a paper setting forth that she was present at the sale to Linsenbigler; that she approved of it, and asked the court to confirm it, and waived the right to file any exceptions.

Estoppels are governed by equitable principles. At the

time she signed the papers above mentioned she was without legal advice, depending entirely upon what her brother Tobias (who was one of the executors and who claimed that she was not entitled to any interest in the estate) told her. If we are right in our construction of the will both Tobias Kimmel and his attorney misled Susie, although unintentionally. She is a woman deserted by her husband, living remote from the county seat, her time taken up with domestic duties and in the care of her father in his declining years. It is not to be wondered at that she would sign any paper presented to her by her brother and his attorney in whom she had confidence. It would be most inequitable and unjust that under these circumstances she should lose her inheritance, and it is almost incredible that any brother or sister should ask us to do that which is repugnant to justice and fair dealing. The orphans' court is a court of equity and as far as able does those things which contribute to the furtherance of right and the suppression of wrong.

An estoppel to be binding must be intelligently made with a full knowledge of all the facts: Miller's Est., 159 Pa. 562; Harrington v. Stivanson, 210 Pa. 10.

It is argued that the decree of the orphans' court in partition is not binding as to the title of the present petitioner and that she can still assert her claim upon the fund. While this decree of the court stands it may well be doubted if she could attack that decree collaterally. It should be noticed that the petition for the partition is peculiar in this that Susie Sell is named as one of the "heirs" of Lewis Kimmel, and she is named in the writ the same as the others, although the petition denies that she has any interest in the real estate.

Viewing the whole matter from an equitable standpoint we think it but just and right that the petitioner, Susie Sell, should have her day in court, there to assert whatever rights she may have in the estate of her deceased father.

And now, August 9, 1909, the decree of the court awarding an inquest dated May 21, 1908, and all proceedings thereunder including the sale, be rescinded, revoked and set aside, and the said Susie Sell is now allowed to intervene and file an an-

swer in said partition proceedings in order that justice and equity may be done.

The court subsequently entered a decree setting aside the sale in partition proceedings.

*Errors assigned* were (1) in permitting the intervention, and (2) in setting aside the sale.

*Harry C. Golden*, with him *H. M. Davidson* and *W. L. Peart*, for appellant.—There was no authority: Woodside's Est., 188 Pa. 45; Vance's Est., 209 Pa. 561; Rawle's App., 106 Pa. 193; Miller's App., 113 Pa. 459.

Susan Sell was estopped from objecting to the partition proceedings: Young v. Babilon, 91 Pa. 280; Donaghy's Est., 152 Pa. 92; King's Est., 215 Pa. 59; McClure v. McClure, 14 Pa. 134; Harlan v. Langham, 69 Pa. 235; Miller's Est., 159 Pa. 562.

*J. W. King* and *H. A. Heilman*, for appellees, were not heard.

PER CURIAM, November 5, 1909:
Decree affirmed on the opinion of the court below.